BRADFORD MITCHELL v. THE STATE.

No. 3471.　Decided October 10, 1906.

**1.—Murder—Manslaughter—Charge of Court—Assault.**

Where upon appeal from a conviction of manslaughter, the appellant criticised the court's charge because there was no evidence warranting a charge that an assault and battery was adequate cause which in the mind of defendant raised a reasonable apprehension or fear of pain or bloodshed, etc. Held, that the evidence showed that deceased raised a bottle in his right hand and caught defendant around the neck with his left hand, and said that he would cave in defendant's head, whereupon defendant shot deceased, and therefore clearly showed an assault, and raised the issue of manslaughter.

**2.—Self-Defense—Actual and Apparent Danger—Reasonable Doubt.**

Where upon a trial for murder the evidence showed a personal altercation between defendant and deceased, and defendant's testimony showed that the de-

ceased made an assault upon him, holding a bottle in his right hand and catching
him around the neck in his left hand and threatened to strike him on the head,
when defendant shot; and the court charged both actual and apparent danger, and
applied the reasonable doubt to every possible phase of the evidence in favor of
appellant, there was no merit in the criticism to the charge on self-defense.

Appeal from the District Court of Hood.    Tried below before the
Hon. W. J. Oxford.

Appeal from a conviction of manslaughter; penalty, three years im-
prisonment in the penitentiary.

The opinion states the case.

*Estes & Douglas* and *John J. Hinner,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was given three years in the peni-
tentiary on a conviction of manslaughter.   He insists that the court
erred in charging upon the law of manslaughter, and complains of
the following portion of the charge in defining manslaughter, to wit:
"The following are deemed adequate causes:   An assault and battery
by the deceased raising in the mind of the defendant a reasonable
apprehension or fear of pain or bloodshed, etc."   The criticism being
that there was no evidence warranting a charge upon that issue.   Ap-
pellant in his own testimony states, "Deceased stated to me, 'What
are you going to do about that mule?'   I said, 'I've done all that is
fair, and I am not going to do anything.'   He reached down, and got
a bottle with his right hand, caught me around the neck with his
left hand, raised the bottle up, and says, 'You will do something,'
and at that time I had my pistol in my belt in front of me.   I just
pulled it out, and put the pistol to deceased's side.   Then he said, 'I
will cave your head in.'   I then shot deceased.   Deceased had a bottle
in his right hand, had the bottle by the neck with the big end raised
about as high as his head, and had his left arm around my neck."
Both parties were sitting in a buggy together and were drinking.
This evidence clearly shows an assault.   Furthermore the evidence
shows the parties had been quarreling about a mule and were quarreling
just before the shooting occurred.   The circumstances clearly raise
the issue of manslaughter.

The charge of the court upon self-defense is also criticised.   A care-
ful perusal of the same shows that it presents both actual and ap-
parent danger, and the court charged the reasonable doubt, in con-
nection with every possible phase, in favor of the appellant.   There
is no error in this record.   The verdict of the jury is warranted by
the evidence.   The judgment is affirmed.

*Affirmed.*